[No. 20019. Department One. July 14, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. MERTON RATHBUN, *Appellant*.[1]

[1] LARCENY (25)—EVIDENCE—SUFFICIENCY. A conviction of larceny of boom chains is sustained by evidence that the accused had a blacksmith shop near the scene of the crime, that the chains were stolen and the brands thereon hammered out, and that the accused sold the chains to a junk dealer and had admitted to officers that he knew that they were stolen.

[2] SAME (23)—EVIDENCE—ADMISSIBILITY—POSSESSION BY ACCUSED OF PROPERTY STOLEN. In a prosecution for stealing boom chains in S. county, it is permissible to show that accused sold them shortly thereafter in T. county.

[3] CRIMINAL LAW (362)—MOTION FOR NEW TRIAL—AFFIDAVITS. There is no abuse of discretion in the denial of a new trial in a prosecution for larceny of boom chains, asked because all the chains were not produced in court and because those not produced did not bear the brands of the prosecuting witness, where counter affidavits showed that such brands were distinguishable upon at least half of such chains.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered November 25, 1925, upon a trial and conviction of grand larceny. Affirmed.

*Julia Ker, A. W. Swanson*, and *G. M. LeCocq*, for appellant.

*C. T. Roscoe* and *Charles R. Denney*, for respondent.

[1]Reported in 247 Pac. 947.

ASKREN, J.—Appellant was charged with stealing twenty-four boom chains belonging to the Snohomish River Boom Company, of the value of $100. A jury returned a verdict of guilty, and this appeal followed, presenting three assignments of error, namely: (1) Insufficient evidence to justify the verdict; (2) admission of improper evidence; and (3) failure to grant a new trial.

[1] The evidence showed that, in the early part of 1925, the Snohomish River Boom Company began to lose chains from its booms. The chains were fastened through boom sticks in such a manner that it was practically impossible for them to be removed, except by human agency. Investigation disclosed that appellant had sold ten of these chains to a junk dealer in Everett, and twelve to one in Olympia; that some other person had made arrangements for the sale in Olympia, but appellant made delivery thereof, and advised the Olympia dealer that he had more in Everett for sale, if he could get a higher price for them. The chains were of a certain kind that had only been used by the boom company for a short period of time, and bore the brand "P.T." The chains were found to have been heated and the brand hammered over in such a way as to make the brand undiscernible, but, upon grinding with an emery wheel over the surface of the brand, it became clearly distinguishable. Appellant maintained a blacksmith and repair shop close to the booming ground from which the chains were stolen.

After his arrest, appellant told one of the officers that he knew the chains were stolen, but denied that he stole them. It was appellant's contention at the trial, that he did not know the chains were stolen; that a half brother, who had been for a short time at appellant's shop, took them there in appellant's absence,

claiming to own them, and appellant disposed of them at his request and gave him all the money received for them.

A careful reading of the record discloses that the evidence, taken as a whole, made a case which required determination by a jury, and that there was sufficient evidence, if believed by them, to warrant them in returning a verdict of guilty.

[2] Appellant claims it was error to permit evidence of the sale of chains in Olympia, upon the ground that it tended to prove, if any, a crime in Thurston county. The court permitted the evidence to be introduced as one of the circumstances tending to show the stealing in Snohomish county, and in this we find no error. Possession of recently stolen property is a circumstance proper to be shown to a jury on a larceny charge.

[3] The chains in question were heavy and cumbersome, and only five of them were brought before the jury. The evidence showed that the others were then at the police station. Affidavits were filed upon motion for new trial, which tended to contradict the testimony of one of the state's witnesses, wherein he said that the chains at the police station also carried the brand "P.T." The affidavits were to the effect that no brand appeared thereon. The state filed counter-affidavits that inspection showed that, on at least half of the chains, the brand was distinguishable. There is nothing here to indicate an abuse of discretion in refusing to grant a new trial.

The judgment is affirmed.

TOLMAN, C. J., HOLCOMB, BRIDGES, and FULLERTON, JJ., concur.